IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MATTHEW L. GEORGE                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO.: 4:15-cv-00031-MPM-JMV

THE LEWIS GROCER COMPANY
D/B/A SUPERVALU                                                                DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant Lewis Grocer Company d/b/a Supervalu ("*Supervalu*") for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Matthew L. George has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is an age discrimination case, filed pursuant to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 to 634, in which plaintiff seeks recovery for a termination which was ostensibly in response to his participation in a workplace fight. In May 2014, plaintiff was employed by Supervalu as a forklift operator at its warehouse in Indianola, Mississippi. Plaintiff was 53 years old at the time of his termination, and he had worked for defendant for 30 years. On May 11, 2014, plaintiff and a young male co-worker named Anton Corner, approximately age 23, engaged in a verbal altercation, which included age-related epithets made against plaintiff by Corner.

Both sides agree that Corner was the aggressor in the confrontation and that it ended, short of actual violence, when plaintiff pulled a knife and a co-worker stepped in between them.

1

Corner was terminated soon after the fight, and plaintiff was suspended and subsequently fired approximately a week later. After he was terminated, George filed a Charge of Discrimination with the EEOC in June, 2014, and he received a right-to-sue letter dated September 17, 2014. Plaintiff filed the instant action on December 5, 2014, and defendant now seeks summary judgment, arguing that no genuine issue of fact exists regarding its potential liability in this case and that it is entitled to judgment as a matter of law.

In seeking to recover for age discrimination, plaintiff relies on the ADEA, which prohibits employers from terminating an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). In order to determine whether there are genuine issues of material fact with respect to intentional age discrimination, courts employ the familiar *McDonnell Douglas* burden-shifting framework in cases where there is no direct evidence. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 336-37 (5th Cir. 1997). In order to establish his *prima facie* case under the *McDonnell Douglas* framework, plaintiff "must show that he (1) was a member of the protected class (over 40 years old); (2) was qualified for the position; (3) was fired; and (4) was either replaced by someone younger, treated less favorably than employees who were similarly situated or was otherwise discharged because of his age." *Morrison v. Weyerhaeuser Co.*, 119 F. App'x 581, 584 (5th Cir. 2004) (*citing West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003)).

If a plaintiff is able to make out his *prima facie* case, then the employer must articulate a legitimate, nondiscriminatory reason for its action, and the plaintiff must create fact issues that the reason is merely pretextual and that unlawful discrimination was the real reason for his termination. *Id*. The ultimate burden of persuasion, at all times, remains with the plaintiff to

2

demonstrate "that age was the 'but-for' cause of their employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 n.4 (2009).

With the above standards in mind, this court turns to the facts of this case. Both parties provide similar description of the facts, but this court will quote from plaintiff's brief in this regard, since, at the summary judgment stage, the facts are to be construed in his favor. In his brief, plaintiff describes the altercation which preceded his termination as follows:

> On May 11, 2014, Plaintiff and a young male co-worker, approximately age 23, were working on the same aisle. Plaintiff was a forklift operator and was trying to get down the aisle with his load. Plaintiff asked the young man if he would work on one side so that Plaintiff could do his job. The young man began complaining about his headset and Plaintiff advised the young man to go and get another headset and the young man's response to Plaintiff was "you are fucking with me." Plaintiff told the younger co-workers he just wanted to get past him to do his job.
>
> Later while Plaintiff was on break, the young man came up to Plaintiff at the water fountain in the break room and said "Matthew George, I am going to get a chance to kick one of you old mother fucker's ass." Plaintiff turned around to face the young man and told him to leave that mess alone. The young man then said "what did you say you old mother fucker? I'll beat your ass right now," and then he lunged at Plaintiff with full force. Plaintiff felt physically threatened by the young man's youth and strength and feared for his personal safety. So Plaintiff made visible the only item of possible protection that he had on him, a knife used to cut plastic bands, and warned the young man not to touch him. Plaintiff did not move towards the young man, he just held up the work instrument to protect himself and to try and make the young man stop charging at him. After this, Plaintiff sat down to eat his lunch, all the time the young man was still yelling at Plaintiff. All of this took place in front of other co-workers.
>
> Plaintiff's supervisor came to Plaintiff and asked him what happened. Plaintiff explained everything to his supervisor. The Defendant fired the young man, but not Plaintiff which was the proper thing to do since Plaintiff did not instigate the incident. The next day, May 12, 2014, the Defendant abruptly suspended Plaintiff. On May 19, 2014, Plaintiff was contacted by the Defendant to come back to work. When Plaintiff returned to work, the Defendant terminated Plaintiff despite the fact that he was not the instigator as the younger man clearly was the instigator.

3

Even accepting the above facts as accurate, this court concludes that plaintiff is unable to establish a *prima facie* case of age discrimination in this case, and, even if he were, he has failed to cast doubt upon defendant's stated non-discriminatory reason for terminating him.

With regard to plaintiff's *prima facie* case, the parties only differ regarding the fourth factor noted above, i.e., whether plaintiff "was either replaced by someone younger, treated less favorably than employees who were similarly situated or was otherwise discharged because of his age." As to this factor, defendant argues that:

> As a threshold matter, there is no evidence that George was treated less favorably than similarly situated employees who violated SUPERVALU's workplace policies related to threats, violence, and weapons. There is a similar absence of any evidence that SUPERVALU terminated George and replaced him with a younger individual. Lastly, SUPERVALU decided to terminate George's employment because his actions during the May 11, 2014, incident between he and Corner violated both the Threats and Violence Policy and the Firearms and Weapons-Free Workplace Policy. There is no evidence that George's age had anything to do with SUPERVALU's decision to terminate his employment. In fact, it is undisputed that SUPERVALU's investigation led not only to George's termination but also to Corner's termination in that Corner was no longer permitted to work for SUPERVALU as a result of the May 11, 2014, incident. Because there is no evidence that George "was either replaced by someone younger, treated less favorably than employees who were similarly situated or was otherwise discharged because of his age[,]" George cannot establish a *prima facie* claim of age discrimination.

In response, plaintiff writes in his brief that:

> There is no dispute that Plaintiff is a member of a protected class as he was 53 years old when he was terminated. [Doc. 31-2 at p. 2]. He was certainly qualified for the position as he performed that position for several years, and there is no dispute that he was terminated. Plaintiff can show the fourth prong as he was replaced by a much younger employee under the age of 40. *See* Exhibit "A."

Thus, plaintiff's response to defendant's detailed arguments is to cite "Exhibit A," which is his affidavit. While more specific arguments would have been helpful, this court will assume that

plaintiff is referring to the portion of his affidavit which states that:

> 21. On January 13, 2016, I spoke to Robert Draine who is a current employee of Defendant, and was employed as a forklift operator that I worked with when I was terminated.
> 22. Defendant has claimed that I was replaced by Hiram Wheeler, who is older than I am.
> 23. However, Mr. Draine admitted to me that he witnessed that Jerome Baymon, who is substantially younger than 40, was the actual person that replaced me after I was terminated.

Thus, plaintiff relies upon a very recent conversation he had with one of defendant's employees to establish his *prima facie* case.

In response, defendant argues that Draine's statements are hearsay, writing in its brief that:

> George's purported eleventh-hour conversation with Draine constitutes inadmissible hearsay and is woefully insufficient to establish a *prima facie* case of age discrimination. "Neither the district court nor [the Fifth Circuit] may properly consider hearsay evidence in affidavits and depositions." *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992). George's Affidavit in this regard is nothing more than hearsay and, therefore, is not competent summary judgment evidence. *See* Fed. R. Evid. 801(c) (defining hearsay as an out of court statement offered to prove the truth of the matter asserted). To the extent it professes to serve as summary judgment evidence that SUPERVALU actually replaced George with a younger employee, George's Affidavit is not based on his personal knowledge, and this fact further precludes considering the Affidavit. *See Cormier*, 969 F.2d at 1561 (noting that when evidence is presented via affidavit, the affidavit's content must be based on personal knowledge). Because his Affidavit cannot be considered cognizable evidence, George has not submitted evidence sufficient to create a jury question as to the fact SUPERVALU did not replace him with a younger employee. George thus cannot establish a *prima facie* case of age discrimination.

This court agrees that Draine's statement is hearsay, since it is clearly an out-of-court statement which plaintiff seeks to use to establish the truth of the matter asserted. Indeed, plaintiff has made no efforts, such as through a request for leave to file a sur-rebuttal brief, to argue otherwise. Moreover, the other facts surrounding plaintiff's termination, such as the fact that

5

Corner was also fired even though he was only 23 years old, do not lend them to a conclusion that he was "treated less favorably than employees who were similarly situated or was otherwise discharged because of his age." Plaintiff therefore has failed to make out a *prima facie* case of discrimination, and defendant's summary judgment motion would be due to be granted on this basis alone.

This court concludes that, even if plaintiff's conversation with Draine were somehow considered admissible and sufficient to meet his *prima facie* case, he would still be unable to rebut defendant's stated non-discriminatory reason for firing him. In explaining its decision to terminate plaintiff, defendant writes in its brief that:

> George lost his job at SUPERVALU because, while at his workplace, he pulled a knife on a co-worker (contract worker) in the midst of a verbal incident between the two and threatened the co-worker with the knife. SUPERVALU investigated the incident and took the position that George's conduct violated not only SUPERVALU's Threats and Violence Policy but also its Firearms and Weapons-Free Workplace Policy. Neither Policy includes an exception for so-called "justified" threats or possession and use of weapons.

In response, plaintiff writes in his brief that:

> Defendant contends Plaintiff was terminated for possessing a knife at work and for threatening an employee. Plaintiff does not dispute bringing a knife to work, but contends he and other workers did so for years with management's knowledge and without being reprimanded. Moreover, this alleged violation seems a little absurd. Defendant admits that it gives its forklift drivers box cutters, which can certainly be considered a weapon. A reasonable jury would have a hard time believing Defendant has a problem with bringing knives for work, but does not have a problem giving employee other weapons to work. Plaintiff does dispute that he threatened another employee. *See* Exhibit "A." Rather Plaintiff contends that he was simply trying to defend himself. Mr. George did not verbally threaten to hurt Mr. Corner, and nor did he make any threatening physical movements toward Mr. Corner. Instead, all threatening behavior was made by Mr. Corner.

Thus, plaintiff argues that he and others had frequently brought knives to work and that workers

at Supervalu regularly used box cutters in their job.

In evaluating this issue, the court must separate its personal views from what the law requires. On a personal level, this court has considerable sympathy for any actor who feels himself or herself to be in a vulnerable position based on a threat of violence from an opponent perceived to be physically stronger and threatening. This court frankly would not have terminated plaintiff under these circumstances, and it would actually encourage defendant to consider re-hiring him. Having said that, this court sees no indication in the record, nor does it suspect, that age discrimination played any role in plaintiff's termination. While this court has sympathy for plaintiff's actions, it must be acknowledged that the act of pulling of a knife during a fight is an one which is quite different in nature than simply bringing a knife to work in one's pocket. Accordingly, plaintiff's proof that the latter had been tolerated by defendant does not, in its view, cast doubt upon its stated reason for firing him.

The purpose of the ADEA is to combat terminations based on age discrimination, not to provide compensation in cases where an employee was given a "raw deal" in a more general sense. Indeed, some may disagree with this court's conclusion that plaintiff was, in fact, given a raw deal. Regardless, the record in this case is clear that both parties to the fight were terminated, and this court sees nothing in the facts which might suggest that age was a motivating factor, much less the required but-for reason, for plaintiff's firing. In so concluding, the court notes that defendant has produced written company policies which prohibit both fighting and the bringing of weapons on company facilities. Specifically, defendant's employee handbook specifically provides that:

> Any behavior or action that threatens another person's safety, or property, or causes a person to perceive his or her safety is threatened, will be thoroughly

> investigated and if confirmed, will not be tolerated. . . .
>
> Any associate who, for any reason, says or does something to threaten another person's safety or property will be subject to disciplinary action up to and including discharge. Violations of this policy may result in immediate termination of employment without prior warnings. . . .
>
> It is prohibited to possess . . . weapons . . . on company property . . . , without explicit, written authorization by the company. This prohibition applies to Company associates, vendors, contractors, suppliers and visitors. . . .
>
> Associates who violate this policy may be subject to discipline, up to and including termination of employment.

This court agrees with defendant that these policies support a conclusion that its stated reason for firing plaintiff was the genuine one. In the court's view, plaintiff's assertion that defendant had tolerated employees bringing knives to work in the past might arguably support a finding of pretext if he had been fired for simply having a knife in his pocket. As stated previously, however, brandishing a knife during a fight is an act which is substantively different than simply possessing one, and plaintiff presents no proof that conduct of such a serious nature had been tolerated by defendant.

As a final point, this court notes that, in his brief, plaintiff emphasizes that Corner used age-relative epithets during their fight, and he appears to suggest that those remarks somehow support his age discrimination claims. However, this court finds these epithets to be irrelevant, inasmuch as Corner had no influence upon the decision to fire plaintiff and was, indeed, fired himself. The Fifth Circuit has stated that, to be considered relevant evidence as part of a broader circumstantial case, workplace comments "must show: '(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.' " *Goudeau v. Nat'l Oilwell*

*Varco, L.P.*, 793 F.3d 470, 475 (5th Cir. 2015), *citing Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 236 (5th Cir.2015). It is abundantly clear that this test does not even come close to being met as to Corner, and his age-related epithets are thus of no relevance in this case.

In light of the foregoing, this court concludes that there exists no genuine issue of fact regarding whether plaintiff was terminated on the basis of his age, and defendant's summary judgment motion is therefore due to be granted.

It is therefore ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 24th day of March, 2016

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**